UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHARMERICA DRUG SYSTEMS, LLC,
d/b/a PHARMERICA and
PHARMERICA CORPORATION d/b/a
PHARMERICA,

Case No. 2:17-cv-12485

HONORABLE STEPHEN J. MURPHY, III

Plaintiffs,

v.

MAGNUM HEALTH AND REHAB OF
MONROE, LLC, d/b/a MAGNUMCARE
OF MONROE, LLC, et al.,

Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [48]

On September 28 and 29, 2017, the Clerk of Court entered default judgment against Defendants. ECF 41–45, 47. On October 25, 2017, pursuant to Civil Rule 54(d)(2), Plaintiffs filed a timely motion for attorney's fees and costs. ECF 48; E.D. Mich. LR 54.1.2(a). Plaintiffs seek $47,437.50 in attorney's fees and $2,061.39 in costs. ECF 48, PgID 233. Defendants had fourteen days to object to the request; they did not. E.D. Mich. LR 54.1.2(b). For the reasons below, the Court will grant the motion.

### BACKGROUND

PharMerica provides goods and services to nursing facilities. On March 15, 2012, PharMerica entered into a services agreement ("2012 Agreement") with Defendants Magnum Health and Rehab centers in Monroe ("Monroe"), Saginaw ("Saginaw"), Adrian ("Adrian"), and Hastings ("Hastings") (collectively "Facility Defendants"). ECF 1-1, PgID

37. Defendants Beyond Healthcare, LLC and Beyond Healthcare Management, LLC control the Facility Defendants (collectively "Defendants").

In September 2014, PharMerica retained Fultz Maddox Dickens PLC ("FMD") to address Defendants' defaulted payments. FMD sent demand letters to Defendants. Defendants' attorney negotiated with FMD to settle Defendants' outstanding debt and Defendants ultimately made payments exceeding $610,000. But Defendants still owed further payment.

In October and December 2015, and May 2016, PharMerica and Defendants entered into new contracts ("2015 Agreements"). See ECF 1-1, PgID 50, 73, 98, and 119.

On August 1, 2017, PharMerica filed its complaint seeking $598,234.50 in delinquent payments. At the end of September 2017, the Court entered default judgment against the Defendants. The Court must determine whether the Agreements entitle PharMerica to an award of reasonable attorney's fees.

## STANDARD OF REVIEW

In the United States, parties ordinarily bear their own attorney's fees absent explicit statutory authority or an enforceable contract allocating attorney's fees. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007). When considering an award of attorney's fees in a diversity action, the Court must apply state substantive law and federal procedural law. *Hunt v. Hadden*, 159 F. Supp. 3d 800, 805 (E.D. Mich. 2016) (collecting cases).

## DISCUSSION

I. <u>The Service Agreements</u>

*A. 2012 Agreement*

The Court must first determine whether the 2012 Agreement entitles PharMerica to attorney's fees for any action taken by its attorneys before the effective dates of the 2015 Agreements. It does not.

Because of the 2012 Agreement's choice-of-law provision, the Court analyzes the question pursuant to Florida law. *See* ECF 1-1, PgID 35, § 14.11. In general, Florida law allows contract provisions requiring payment of reasonable attorney's fees. *See, e.g.*, Fla. Stat. § 57.105(7).

Under Florida law, courts give effect to the plain meaning of a contract's clear and unambiguous terms. *Nat'l R.R. Passenger Corp. (Amtrak) v. Rountree Transp. & Rigging, Inc.*, 422 F.3d 1275, 1284 (11th Cir. 2005) (citing *Burns v. Barfield*, 732 So. 2d 1202, 1205 (Fla. Dist. Ct. App. 1999)); *see Murly v. Wiedamann*, 25 So. 3d 27, 29–30 (Fla. Dist. Ct. App. 2009) (noting that "absent specific contractual definitions," a contract's words and phrases are given their common and ordinary meanings); *see also Ehrlich v. Barbatsis Holding Co.*, 63 So. 2d 911, 913 (Fla. 1953). Courts may rely upon reference materials "to determine the accepted plain meaning of a particular term." *Rountree*, 422 F.3d at 1284 (citing *Burns v. Barfield*'s use of a dictionary). The Court, therefore, construes the 2012 Agreement according to its plain and ordinary meaning.

The 2012 Agreement does not entitle PharMerica to reasonable attorney's fees for issuing demand letters or for negotiating Defendants' defaulted payments. The 2012 Agreement states: "In any *legal action* of any kind relating to this Agreement, the *prevailing party* shall be entitled to collect reasonable attorneys' fees." ECF 1-1, PgID 36,

3

§ 14.13 (emphasis added). Absent a contractual definition, the Court must determine the plain and ordinary meaning of "legal action."

Section 14.13's use of "legal action" refers to a cause of action seeking a legal remedy in court, rather than any out-of-court conduct related to either party's legal rights. First, "legal action" means "the action or fact of using the legal system to settle a dispute, disagreement, etc.," "a legal process," or "a lawsuit." *Legal Action*, Oxford English Dictionary.[1] Moreover, the related term "action at law" means "[a] civil suit stating a legal cause of action and seeking only a legal remedy." *Action at law*, Black's Law Dictionary, 31 (8th ed. 2004).

Second, subsequent phrases demonstrate the 2012 Agreement awards attorney's fees only for outcomes derived from a court proceeding. The modifier "of any kind" broadens significantly the definition of § 14.13's "legal action." But the apparent breadth of an attorney's fee award for "legal action of any kind" is limited only to a "prevailing party." A "prevailing party" is one "in whose favor a judgment is rendered[.]" *Prevailing party*, Black's Law Dictionary, 1154 (8th ed. 2004). Only courts can render judgment. Mailing demand letters or negotiating payments do not result in judgments. Taken in total, therefore, the 2012 Agreement's § 14.13 limits the award of reasonable attorney's fees only to a party's successful receipt of legal relief in court. PharMerica is not entitled to reasonable attorney's fees, therefore, for any out-of-court action taken during the effective operation of the 2012 Agreements.

---

[1] http://www.oed.com/view/Entry/107008?redirectedFrom=legal+action#eid334137704 (last accessed July 2, 2018).

4

*B. 2015 Agreements*

Next, the Court must determine whether the 2015 Agreements entitle PharMerica to reasonable attorney's fees for actions taken after the 2015 Agreements' effective dates. Because of the 2015 Agreements' choice-of-law provisions, the Court analyzes the question pursuant to Kentucky law. *See* ECF 71-1, PgID 368, ECF 71-2, PgID 391, ECF 71-3, PgID 414, and ECF 71-4, PgID 437.

The 2015 Agreements contain two relevant provisions. First, § 6(D)(2) obligates the Facility Defendants to reimburse PharMerica "for any and all costs and expenses incurred in collecting payment, including, but not limited to, reasonable attorneys' fees." ECF 1-1, PgID 53, 76, 100, 122. Second, § 16(I) allows recovery of costs and attorney's fees by a prevailing party in a lawsuit to enforce the contract. ECF 1-1, PgID 56, 79, 102, 125.

Under Kentucky law, the Court first examines the plain language of the contract. Absent an ambiguity, "a written instrument will be enforced strictly according to its terms, and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Ky. Shakespeare Festival, Inc. v. Dunaway*, 490 S.W.3d 691, 694 (Ky. 2016) (quoting *Wehr Constructors, Inc. v. Assurance Co. of Am.*, 384 S.W.3d 680, 687 (Ky. 2012)) (internal marks omitted). The plain meaning of the contract's unambiguous terms entitle PharMerica to costs and attorney's fees associated with collecting payment or pursuing legal action to enforce the contract during the operation of the 2015 Agreements.

PharMerica entered into the 2015 Agreements with the Facility Defendants on four different dates. *See* ECF 71-1, PgID 362 (Adrian, October 29, 2015), ECF 71-2, PgID 385

5

(Hastings, October 29, 2015), ECF 71-4, PgID 431 (Saginaw, December 23, 2015), and ECF 71-3, PgID 408 (Monroe, May 24, 2016). Because PharMerica holds the Defendants jointly and severally liable for their debts, the Court will rely upon October 29, 2015—the earliest effective date of the 2015 Agreements—to calculate PharMerica's attorney's fees award.

II.    Reasonable Attorney's Fees

Federal courts typically apply the lodestar method to determine reasonable attorney's fees. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The calculation requires multiplying a reasonable hourly rate by reasonable hours worked. *Id.* In Kentucky, the reasonableness of attorney's fees must encompass "the time involved, the task assigned, and the degree of difficulty of the work under the circumstances." *Dingus v. FADA Serv. Co.*, 856 S.W.2d 45, 50 (Ky. Ct. App. 1993). Here, two separate attorney groups seeks their fees and costs: FMD and Mr. James DeLine.

*A. FMD's Attorney's Fees and Costs*

FMD submitted attorney billing logs in support of their attorney's fee request. *See* ECF 48-1, PgID 262–94. Moreover, attorney Jennifer Metzger Stinnett submitted an affidavit regarding the reasonableness of the attorney's fees request. *See id.* at 253–56. In total, FMD's fees were $47,062.50 for 228.10 hours worked. *Id.* at 259. The Court has reviewed the record and the submissions by Plaintiffs and finds that the hourly rates and hours worked are reasonable.

As discussed *supra*, however, Plaintiffs are contractually entitled to an award of attorney's fees only for those fees incurred after October 29, 2015. The Court, therefore,

6

will award Plaintiffs' attorney's fees totaling $31,326.50 for the work completed by FMD.[2] Plaintiffs also seek costs of $1,661.39 incurred by FMD. *Id.* The Court reviewed the costs and finds that they are reasonable. *See* ECF 48-1, PgID 296–97. PharMerica is therefore entitled to $32,987.89 in attorney's fees and costs for the work completed by FMD after the effective date of the first 2015 Agreement.

*B. Mr. DeLine's Attorney's Fees and Costs*

Mr. DeLine seeks $375 in attorney's fees and $400 in costs. ECF 48-1, PgID 300. Mr. DeLine failed to include his hourly rate in his affidavit and did not provide a billing log. The Court, therefore, has little basis by which to gauge the reasonableness of his request. Mr. DeLine indicated that the time and costs incurred in the case involved "filing the Complaint and Requests for Entry of Default Judgments against the Defendants." *Id.*

The Court reviewed the time receipts for the filing of the requests for default and found that the filing takes about two to three minutes (the Court compared the time receipts for ECF 12 with those for ECF 13 and 14 and compared the time receipts for ECF 15 with that for ECF 16). Filing six requests for default would therefore take about eighteen minutes.

Filing a request for default judgment takes about one minute (the Court compared the time receipts for ECF 36–40). Due to an error, however, Mr. DeLine had to file the requests for default judgment twice. Filing twelve requests for default judgment would therefore take about twelve minutes.

---

[2] Between September 3, 2014 and October 22, 2015, Plaintiffs' attorneys billed $15,736.00. *See* ECF 48-1, PgID 264–75. $47,062.50 - $15,736.00 = $31,326.50.

7

The Court will award Plaintiffs attorney's fees for thirty minutes of work completed by Mr. DeLine at a presumed rate of $375 per hour (again, Mr. DeLine included neither his hourly rate nor a billing log in his affidavit). The attorney's fees award for Mr. DeLine's work equals $187.50. Mr. DeLine's $400 costs are reasonable. The total award for Mr. DeLine's fees and costs is $587.50.

The total amount of the attorney's fees and costs owed to PharMerica for the work completed by FMD and Mr. DeLine is $33,575.39.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' motion for attorney's fees [48] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded $33,575.39. Plaintiffs' counsel are entitled to reimbursement as detailed in the above opinion.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 27, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 27, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager